IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE GORMAN and<br>KIM GORMAN<br>117 East Evergreen Street<br>West Grove, PA 19390 | : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO. |
| vs. | : <br> : | |
| PROGRESSIVE NORTHERN<br>INSURANCE COMPANY<br>6300 Wilson Mills Road<br>Mayfield Village, OH 44143 | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

## COMPLAINT

**I.   NATURE OF THE ACTION**

1.      Plaintiffs, George Gorman and Kim Gorman, seek damages for underinsured motorist coverage arising out of an accident in which George Gorman suffered serious personal injuries on February 3, 2016.

**II.   JURISDICTION AND VENUE**

2.      The jurisdiction of this Court is based upon the diversity of citizenship of the parties hereto, 28 U.S.C. § 1332.

**III.   THE PARTIES**

3.      Plaintiffs, George Gorman and Kim Gorman, are adult individuals residing in Chester County, Pennsylvania.

4.      Defendant, Progressive Northern Insurance Company (hereinafter referred to as "Progressive"), is an insurance company licensed to transact business in the Commonwealth of Pennsylvania.

## IV. MATERIAL FACTS

5. On or about February 3, 2016, at approximately 3:08 p.m. plaintiff, George Gorman, was operating his 2016 Chevrolet Silverado in a southerly direction on Route 202 in Concord Township, Delaware County, Pennsylvania.

6. At the aforesaid time, date and place, David Whitton of Quarryville, Pennsylvania, was operating his 2002 Chevrolet Blazer in a southerly direction on Route 202 and was traveling directly behind George Gorman's vehicle.

7. As plaintiff, George Gorman, was slowing down to make a right-hand turn into a parking lot, David Whitton was not paying attention to the slowing Gorman vehicle, was unable to bring his vehicle to a stop, and crashed his vehicle into the rear of plaintiff's vehicle, causing plaintiff, George Gorman, to suffer serious personal injuries.

8. As a direct and proximate result of the accident, plaintiff, George Gorman:

   (a) suffered injuries, some of which are or may be permanent, to the head, neck, back, left shoulder and arm, spine, torso and various parts of the body;

   (b) suffered posttraumatic headaches with occipital neuralgia;

   (c) suffered rotator cuff bursitis and impingement syndrome of the left shoulder;

   (d) suffered traumatic disc protrusions in the lumbar spine at L3-4 and L4-5 with right lumbosacral radiculopathy and lumbar facet syndrome;

   (e) suffered right sacroiliac dysfunction;

   (f) suffered lacerations and contusions throughout the body;

   (g) suffered a severe and possible permanent shock to his nervous system;

   (h) was unable to and will in the future be unable to attend to his daily occupation; and

   (i) has required and will require hospitalization and/or medical care and treatment and has been required and will be required to incur substantial expenses for such care and treatment.

9. As a direct and proximate result of the accident, plaintiff, Kim Gorman, has suffered the loss of the aid, society, comfort and services of her husband, George Gorman, which losses are ongoing and may be permanent

10. The above damages were directly caused by the negligence of the at-fault driver, David Whitton, and were incurred without contributory negligence or assumption of the risk on the part of plaintiff, George Gorman, or an opportunity for plaintiff, George Gorman, to avoid the accident.

11. David Whitton, the at-fault driver and owner of the at-fault vehicle, does not have adequate insurance to fully compensate the plaintiffs for the damages they suffered.

12. David Whitton was insured by Donegal Mutual Insurance Company with liability limits of Twenty-Five Thousand Dollars ($25,000.00).

13. The claims of plaintiffs, George Gorman, were settled against Donegal's insured, David Whitton, for the policy limits of Twenty-Five Thousand Dollars ($25,000.00).

## V. CAUSE OF ACTION – BREACH OF CONTRACT

14. At the time of the accident, the at-fault vehicle was underinsured and did not provide adequate coverage for the claims and damages asserted by plaintiffs, George Gorman and Kim Gorman.

15. At the time of the accident, plaintiffs had in force a policy of automobile insurance issued by defendant, Progressive, Policy Number 75140658-9. Said policy of insurance contained a provision for underinsured motorist coverage which provided, among other things, insurance coverage for bodily injuries an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

16. The policy issued by defendant, Progressive, to plaintiffs provides for underinsured motorist coverage of Three Hundred Thousand Dollars ($300,000.00) ($100,000.00 stacked coverage x 3 vehicles).

17. By letter dated December 18, 2019, plaintiffs' counsel advised defendant, Progressive, of the proposed settlement with Donegal's insured and requested Progressive's permission to settle George Gorman's claims against the at-fault driver for Twenty-Five Thousand Dollars ($25,000.00), with a credit to be given to Progressive for $25,000.00, the tortfeasor's policy limit, towards plaintiffs' underinsured motorist claim.

18. By letter dated December 31, 2019, defendant, Progressive, waived its subrogation rights against the at-fault driver and consented to the settlement of plaintiffs' claims for Twenty-Five Thousand Dollars ($25,000.00).

19. All of George Gorman's medical records were sent to defendant, Progressive, with plaintiffs' counsel's letter of January 21, 2021.

20. George Gorman's medical records reflect that as a result of the negligence of the at-fault underinsured driver, he suffered serious personal injuries which greatly impacted his life.

21. By letter dated February 22, 2021, defendant, Progressive, offered Five Thousand Dollars ($5,000.00) to settle plaintiffs' underinsured motorist claim.

22. In light of the seriousness of the injuries suffered by George Gorman, plaintiffs believe their claim is valued in excess of Thirty Thousand Dollars ($30,000.00) (the tortfeasor's coverage of $25,000.00 and Progressive's initial offer to settle the underinsured motorist claim for $5,000.00).

23. Plaintiffs have fully complied with the terms of the contract with defendant, Progressive, and are entitled to be paid by the defendant underinsured motorist damages in an amount which will fully compensate George Gorman for the injuries he suffered in the accident of February 3, 2016, and will fully compensate Kim Gorman for loss of consortium damages suffered as a result of the accident of February 3, 2016.

24. Defendant, Progressive, has breached its contract with plaintiffs by failing to pay them underinsured motorist coverage in a fair and reasonable amount which will fully compensate plaintiffs for the damages they suffered.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, George Gorman and Kim Gorman, ask for judgment in their favor on all counts and request the following relief:

(a) an award of compensatory damages in an amount that exceeds the $75,000 federal diversity jurisdiction threshold set forth in 28 U.S.C. § 1332;

(b) such interest as allowed by law; and

(c) such other relief as the Court deems equitable and just.

GOLDBERG, GOLDBERG & MALONEY

*/s/ Joel W. Goldberg*
JOEL W. GOLDBERG, ESQUIRE
Attorney for Plaintiffs

213-215 West Miner Street
West Chester, PA 19382
610-436-6220
jgoldberg@goldbergmaloney.com
Attorney I.D. No. 313982